# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07mj119
# [consolidating 1:07mj119;1:07mj120;1:07mj121; &1:07mj122]

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FOUR SEIZURE WARRANTS | ) | ORDER |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Zeke Layman's Motion for Reconsideration of the court's earlier Order denying his four motions to quash seizure warrants filed in the above captioned cases.

For cause, Mr. Layman seeks to distinguish the Supreme Court cases cited by this court in its order. Such distinctions are, however, without significance and Mr. Layman is, respectfully, precluded as a matter of well settled law from challenging such seizure warrants. Mere ownership of personal property seized is insufficient to give the owner a sufficient expectation of privacy to challenge its seizure. United States v. Salvucci, 448 U.S. 83 (1980); and Rawlings v. Kentucky, 448 U.S. 98 (1980). Again, "[i]f a person's property is exposed to the police through a search that does not violate that person's expectation of privacy, no matter how egregiously illegal the search is under Fourth Amendment standards, that person has no ground for objection to the seizure of his property." Ringel, *Searches & Seizures Arrests and Confessions*, § 20:8, at p. 20-23 (West Pub. 2nd Ed. 2003).

The inability to challenge the seizure is not, however, a bar to the owner seeking its return, and Mr. Layman is again respectfully advised that the government

-1-

has carefully and accurately spelled out in its response the avenues available to him to seek return of seized property over which he claims ownership.

## ORDER

**IT IS, THEREFORE, ORDERED** that Zeke Layman's Motion for Reconsideration (#8) is **DENIED**.

Signed: May 22, 2010

Dennis L. Howell
United States Magistrate Judge